IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON ETHRIDGE, §<br>TDCJ No. 2442944, §<br>  §<br>  Plaintiff, §<br>  §<br>V. §<br>  §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE (MENTAL HEALTH §<br>DIVISION), §<br>  §<br>  Defendants. § | | No. 3:23-cv-2047-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Aaron Ethridge, a Texas prisoner, appears to assert a claim under 42 U.S.C. § 1983, alleging that, when he was incarcerated at the Hutchins State Jail, a prison in this district, the Texas Department of Criminal Justice (TDCJ) was deliberately indifferent to his medical needs, in violation of the Constitution. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Ethridge's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act (PLRA), which requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is

frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Considering the complaint under the PLRA, the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss Ethridge's claims.

## Legal Standards

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Ethridge alleges that, while incarcerated in the TDCJ, he "was prescribed meds in substitution of original med w/o being warned of side effects" and that "now side effects have taken [a] toll on [his] body." Dkt. No. 3 at 3; *see id.* at 4 ("[D]uring … May 2023 … I was prescribed medication known as Risperdal in substitution for my original medication … without being warned of side effects…. 3 months later side effects have taken toll on my body[.] I can't stop shaking or trembling even after being taken off medication." (cleaned up)).

Based on these allegations, Ethridge seeks $50,000 in damages. *See id.* at 4.

First, the only defendant Ethridge sues is the TDCJ. But, as to Ethridge's claim for damages in violation of the Constitution, the "TDCJ is a state agency that [generally] enjoys [the State's] immunity from suit in federal court." *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) (citations omitted).

That is, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("Sovereign immunity bars recovering § 1983 money damages from TDCJ officers in their official capacity." (cleaned up; quoting *Alvarez v. Akwitti*, 997 F.3d 211, 214-15 (5th Cir. 2021))).

So the Court should dismiss the complaint without prejudice for lack of jurisdiction.

But, insofar as Ethridge's claims may be liberally construed as asserted against individual defendants in their personal capacity, or should he expressly attempt to amend his complaint accordingly, *see Carver*, 18 F.4th at 498, the allegations do not set out a plausible constitutional violation based on the substitution of Ethridge's medication and resulting side effects.

"In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino*, 239 F.3d at 756).

Put another way, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("'[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.' Rather, 'the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

clearly evince a wanton disregard for any serious medical needs.""" (citations omitted)).

And, alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In the more specific context of substituting one prescribed medication for another, "[t]he refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference." *Simon v. LaBlanc*, 623 F. App'x 276, 277 (5th Cir. 2015) (per curiam) (citing *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999)). Nor does "the decision to prescribe generic medicines instead of the medicines that [a prisoner] previously was prescribed … give rise to a claim under § 1983." *Id.* (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)).

Relatedly, "[w]hile prescribing incorrect treatments or treatments that cause serious side effects might amount to malpractice, this allegation, without a further showing of deliberate indifference to serious medical needs, does not rise to the level of a constitutional violation." *Morgan v. Tex. Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 507 (5th Cir. 2013) (per curiam) (footnote omitted).

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Ethridge an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be

dismissed at this time and that the Court should instead grant him leave to further amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

If Ethridge fails to show that leave to further amend should be granted, the Court should dismiss this case.

## Recommendation

The Court should dismiss this action asserted only against a defendant who is a state agency entitled to sovereign immunity without prejudice unless, within the time to file objections, Plaintiff Aaron Ethridge shows a basis to grant leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE