IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON ETHRIDGE, <br> TDCJ No. 2442944, <br><br> Plaintiff, <br><br> V. <br><br> TEXAS DEPARTMENT OF CRIMINAL JUSTICE (MENTAL HEALTH DIVISION), <br><br> Defendant. | § § § § § § § § § § § § § § | No. 3:23-cv-2047-G-BN |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* case that Senior United States District Judge A. Joe Fish has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, in which Plaintiff Aaron Ethridge, a Texas prisoner, is proceeding *in forma pauperis* under the Prison Litigation Reform Act, *see* Dkt. Nos. 4 & 5, the undersigned, on September 20, 2023, entered findings of fact and conclusions of law recommending that the Court dismiss this action asserted only against a defendant who is a state agency entitled to sovereign immunity without prejudice unless, within the time to file objections, Ethridge shows a basis to grant leave to amend the complaint [Dkt. No. 6] (the FCR).

On September 29, 2023, prior to the deadline to file objections to the FCR, *see* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), Ethridge filed an unauthorized amended complaint, which the Court should construe as a motion for leave to amend under Federal Rule of Civil Procedure 15(a), *see* Dkt. No. 8.

And the undersigned enters these supplemental findings of fact, conclusions of law, and recommendation that the Court should deny the construed motion for leave to amend and dismiss this lawsuit without prejudice for the reasons set out in the FCR as supplemented below.

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss." *Id.* So "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has '"state[d] a claim to relief that is plausible on its face."'" *Id.* at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

The amendment proposed by Ethridge is futile. As explained in the FCR,

> the only defendant Ethridge sue[d initially was] the TDCJ. But, as to Ethridge's claim for damages in violation of the Constitution, the "TDCJ is a state agency that [generally] enjoys [the State's] immunity from suit in federal court." *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) (citations omitted).
>
> That is, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("Sovereign immunity bars recovering § 1983 money damages from TDCJ officers in their official capacity." (cleaned up; quoting *Alvarez v. Akwitti*, 997 F.3d 211, 214-15 (5th Cir. 2021))).
>
> So the Court should dismiss the complaint without prejudice for lack of jurisdiction.

Dkt. No. 6 at 4.

Ethridge now names as the only defendant to his claim for monetary damages "UTMB (University of Texas Medical Branch)." Dkt. No. 8 at 3.

But UTMB too "is protected by sovereign immunity as a state agency." *Lee v. UTMB Health of Clear Lake*, No. 4:20-CV-3364, 2021 WL 2650340, at *2 (S.D. Tex. June 28, 2021).

> A state university enjoys sovereign immunity depending on its status under state law. *Laxey v. La. Bd. of Trs.*, 22 F.3d 621, 623 (5th Cir. 1994). As a component institution of the University of Texas System, *see* TEX. EDUC. CODE ANN. § 65.02(a)(8), UTMB receives the same sovereign immunity protections as the State of Texas. *See Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 838 (S.D. Tex. 2003) ("Plaintiffs' claims against UTMB are thus equivalent, for purposes of sovereign immunity, to claims against the state of Texas."). Therefore, absent waiver, consent, or valid abrogation by Congress, all of Plaintiff's claims against Defendant are barred.

*Id.* (citation modified).

And Ethridge fails to allege a reason why his claim for damages against UTMB

are not barred because of waiver, consent, or abrogation. *See generally* Dkt. No. 8.

## Recommendation

The Court should deny leave to amend and dismiss this action asserted only against a defendant who is a state agency entitled to sovereign immunity without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 3, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE